# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

RONALD SATISH EMRIT,[1]

      Plaintiff,

v.                                                                              No. 1:26-cv-02067-DHU-JMR

SABRINA CARPENTER,
THE GRAMMYS/RECORDING ACADEMY,
JUSTICE KETANJI BROWN-JACKSON,
LADY GAGA,
VIVENDI UNIVERSAL,
UNIVERSAL MUSIC GROUP,
NBC,
UNIVERSAL,
GENERAL ELECTRIC,
RCA,
COMCAST,
RECORDING INDUSTRY ASSOCIATION OF AMERICA and
CARY SHERMAN,

‘      Defendants.

## <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint, Doc. 1, filed June 26, 2026. Plaintiff asserts claims for defamation, public nuisance, industrial espionage and tortious interference with business relations/contracts against 13 Defendants. *See* Complaint at 1, 9-11. Plaintiff seeks $500 billion in damages and injunctive and declaratory relief. *See* Complaint at 11-12.

The Complaint does not show that the District of New Mexico is the proper venue for this action. The statute governing venue in general states:

---

[1] Both the Complaint and the Application to proceed *in forma pauperis*, Doc. 2, are signed by Ronald Satish Emrit but indicate the Plaintiff is "Satish Dat Beast." "Satish Dat Beast" appears to be a pseudonym of Ronald Satish Emrit.

> **Venue in general.**--A civil action may be brought in—
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b).  "The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a) (emphasis added).

> Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would be barred by a statute of limitations if filed anew in the proper forum, *e.g. Haugh v. Booker,* 210 F.3d 1147, 1150 (10th Cir. 2000) (citing *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997)), whether the claims alleged are likely to have merit, *e.g. Haugh,* 210 F.3d at 1150 (citing *Phillips,* 173 F.3d at 610), and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction, *Trierweiler,* 90 F.3d at 1544 ("[I]t is not in the interest of justice to transfer where a plaintiff either realized or should have realized that the forum in which he or she filed was improper.").

*Young v. State Government of Oklahoma*, 98 Fed.Appx. 760, 763-764 (10th Cir. 2004).

Plaintiff states venue is proper in the District of New Mexico "pursuant to U.S.C.A. Sections 1391 and 1400."  Complaint at 6.  Section 1391 is the statute regarding venue generally, which is quoted above.  Section 1400 states civil actions arising under federal law relating to copyrights or for patent infringement may be brought in the judicial district where "the defendant or his agent resides or may be found . . . where the defendant resides, or where the defendant has

2

committed acts of infringement and has a regular and established place of business." 28 U.S.C. 1400.

The Court dismisses this case without prejudice for improper venue. There are no allegations showing Defendants' acts and omissions giving rise to Plaintiff's claims occurred in the District of New Mexico. Nor are there any allegations showing that any of the 13 Defendants are citizens of, reside in or may be found in, or committed acts of infringement and have a regular and established place of business in New Mexico. Furthermore, the Complaint does not contain factual allegations showing that the Court has personal jurisdiction over nonresident Defendants. *See Dental Dynamics, LLC v. Jolly Dental Group, LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (plaintiff bears burden of establishing personal jurisdiction). The Court declines to transfer this case to another judicial district because the Complaint does not clearly indicate where venue would be proper.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

**HONORABLE DAVID HERRERA URIAS**
**UNITED STATES DISTRICT JUDGE**

3